LOUIS A. ZAYAS, ESQ. (LZ-1881)
GINARTE O'DWYER GONZALEZ & WINOGRAD LLP
400 Market Street
Newark N.J. 07105
Counsel for the Plaintiff
(973) 854-8400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERALD D. GRADDY | ) Case No.: |
| Plaintiffs, | ) JURY TRIAL DEMANDED |
| vs. | ) |
| CITY OF PATERSON, DETECTIVE SARGENT ROONEY; DETECTIVE SARGENT OTERO; DETECTIVE L. GREYSON, | ) |
| Defendants. | ) |

The Plaintiff GERALD D. GRADDY, by and through his attorneys, LOUIS A. ZAYAS, ESQ, of GINARTE O'DWYER GONZALEZ & WINOGRAD LLP, alleges the following upon information and belief:

## INTRODUCTION

1. This is a civil rights action to redress the deprivation of Plaintiff's civil liberties protected under the Constitution of the United States secured under 42 U.S.C. §§ 1983 and 1981.

## PARTIES

2. Plaintiff GRADDY, an African American male, is a resident of the State of New Jersey having resided in the County of Bergen during all times relevant to this complaint.

3. Defendant CITY OF PATERSON is a municipality organized by virtue of New Jersey law and pursuant to that law, is to be known and distinguished by the name

1

"PATERSON"." Defendant PATERSON is sued to affect the full declaratory, injunctive, compensatory damages demanded by the Plaintiff.

4. Defendant DETECTIVE SARGENT ROONEY ("D/ Sgt. ROONEY") was, and still is, Paterson Police Department at all relevant times as alleged in the complaint herein. Defendant D/ Sgt. ROONEY is sued in his official and individual capacity for purposes of effecting full the declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

5. Defendant DETECTIVE SARGENT OTERO ("D/ Sgt. OTERO") was, and still is, a Paterson Police Department at all relevant times as alleged in the complaint herein. Defendant D/ Sgt. OTERO is sued in his official and individual capacity for purposes of effecting full the declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

6. Defendant DETECTIVE GREYSON ("DET. GREYSON") was, and still is, a Paterson Police Department at all relevant times as alleged in the complaint herein. Defendant DET GREYSON is sued in his official and individual capacity for purposes of effecting full the declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

## JURISDICTION

7. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1343, which confer original jurisdiction upon the Court on the ground that the instant action arises under the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981 & 1983.

## FACTS

8. On or about January 4, 2008, GRADDY, a resident of Paterson, was driving his vehicle in a lawful and proper manner in Paterson. Without reasonable suspicion to believe that GRADDY had committed a crime or a traffic violation, the aforementioned defendant police officers, acting in concert, stopped GRADDY's vehicle in part because of his race.

9. After the aforementioned defendant police officers stopped GRADDY, the defendant police officers, acting in concert, proceeded to search GRADDY and his vehicle for contrabands without securing a warrant or probable cause to believe a crime had been committed.

10. After conducting the unlawful search, the defendant police officers arrested GRADDY in an effort to cover-up their wrongdoing.

I.

### FIRST CLAIM FOR RELIEF
42 U.S.C. Section 1983
DEFENDANT POLICE OFFICERS

11. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

12. Defendants DETECTIVE SARGENT ROONEY; DETECTIVE SARGENT OTERO; DETECTIVE L. GREYSON, were acting under the color of law, when they subjected GRADDY to the deprivation of the following rights, privileges and immunities secured by the Constitution and the laws of the United States:

(a) Plaintiff GRADDY was deprived of his right to equal protection when he was selectively targeted by the defendant police officers because of his race.

(b) Plaintiff GRADDY was deprived of his right to be free of unreasonable search

3

and seizure.

    (c) Plaintiff Wiggins was further deprived of his constitutional rights as protected under 42 USC 1981 in that he was denied the same privileges, immunities and rights as white person.

13. Defendant police officers who may not have actively participated in the civil rights deprivations as alleged above are liable for failing to prevent them pursuant to Section 1983.

14. As a direct and proximate cause of the aforementioned, Plaintiff was deprived of his civil liberties as alleged herein. All of these rights are secured by the Fourth and Fourteenth Amendments to the United States Constitution. As a result of the foregoing, Plaintiff has suffered and will continue to suffer emotional and psychological damages in an amount to be determined by a jury. Because of Defendants' willful and malicious conduct, Plaintiff seek punitive damages in their individual capacity in an amount to be determined by a jury.

## II.

### SECOND CLAIM FOR RELIEF

**MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. §1983**
**CITY OF PATERSON**

15. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

16. At all times relevant to this complaint, Defendant Police Officers were acting under the direction and control of the CITY OF PATERSON and its police department.

17. Defendant CITY OF PATERSON and its police department have a policy,

custom, or practice of tolerating an police culture, commonly referred to as the "code of silence", which discouraged police officers from reporting acts of misconduct and civil rights violations by fellow police officers.

18. Defendant CITY OF PATERSON and its police department have a custom or practice of tolerating widespread civil rights abuses by its police officers against African Americans, including but not limited to racial profiling, excessive use of force, false arrests, abuse of process, and harassment.

19. Defendant CITY OF PATERSON and its police department systemically ignores allegations of civil right violations, particularly if the civilian is African American. Notwithstanding the Attorney General's Guidelines on Internal Affairs, the CITY OF PATERSON does not have a meaningful Internal Affairs Bureau that effectively and fairly investigates allegations of police misconduct filed by civilians. When civilian file civilian complaints, the Police Department either ignores the complaints or fails to take any corrective action other than taking the complaint.

20. As a result of the CITY OF PATERSON's deliberate indifference to civilian complaints, Paterson police officers feel free to engage in unconstitutional behavior with risk of disciplinary action.

21. Defendant Police Officers were acting pursuant to that official policy, practice and/or custom when Plaintiff's constitutional violations were committed.

22. Defendant CITY OF PATERSON and its police department, pursuant to official policy, custom and practice, did intentionally, knowingly, or with deliberate indifference to the rights of Plaintiff failed to train, instruct, supervise, control and/or discipline, on a continuing basis DEFENDANT POLICE OFFICERS in the performance of their duties.

23. Defendant CITY OF PATERSON and its police department knew or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have known that there was a history of misconduct of police abuse and/or the particular misconduct was the result of a difficult choice which training or supervision would have prevented and which would frequently result in a constitutional violation in the absence of such training and supervision.

24. As a direct and proximate cause of the aforementioned, Plaintiff was deprived of his civil liberties, including freedom from unreasonable search and seizure and malicious prosecution. All of these rights are secured under the Fourth and Fourteenth Amendments to the United States Constitution. As a result of the foregoing, Plaintiffs have suffered and continue to suffer damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays that this Court enter an order finding as follows:

(a) That Plaintiff recover from the individual Defendant DETECTIVESARGENT ROONEY; DETECTIVE SARGENT OTERO; DETECTIVE L. GREYSON,, jointly and severally, compensatory damages, exemplary and punitive damages, attorney's fees, and such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury;

(b) That Plaintiff recover from the Defendant CITY OF PATERSON compensatory damages, exemplary , attorney's fees, and such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury;

(c) And that the Court grant such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all issues so triable.

DATED: July 15, 2008                              GINARTE O'DWYER GONZALEZ &
                                                  WINOGRAD LLP

                                                  /S/LOUIS A. ZAYAS
                                          By:     _____
                                                  LOUIS A. ZAYAS, Esq. (LZ-1881)
                                                  Counsel for the Plaintiff
                                                  400 Market Street
                                                  Newark N.J. 07105
                                                  (973) 854-8400